FILED

2015 JUN 10 AM 10: 30

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: DISPOSABLE CONTACT LENS
ANTITRUST LITIGATION    MDL No. 2626

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in a Northern District of California action (*Miller*) and a Southern District of Florida (*Cesare*) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in the Northern District of California or the Southern District of Florida, respectively. These actions are listed on the attached Schedule A. At oral argument, the *Miller* movants announced that they alternatively support centralization in the Middle District of Florida. These cases concern defendants' alleged anticompetitive conduct aimed at fixing, raising, maintaining and/or stabilizing the prices at which disposable contact lenses are sold in the United States. At issue in all actions are defendants' pricing policies that allegedly prevented resale of the subject contact lenses below a minimum price. Since plaintiffs filed this motion, the parties have notified the Panel of 43 potentially related actions filed in various districts.[1]

No party opposes centralization. Defendant Alcon Laboratories, Inc. supports centralization in the Southern District of Florida or, alternatively, the Northern Texas. Plaintiff Costco Wholesale Corp. (Costco) and defendants ABB Optical Group (ABB), Bausch & Lomb, CooperVision, Inc., and Johnson & Johnson Vision Care, Inc. (J&J) support centralization in the Northern District of California. Responding plaintiffs variously propose centralization in the Northern District of California, the Middle or Southern Districts of Florida, the District of New Jersey, the Eastern District of Louisiana and the Eastern District of Tennessee.

After considering the argument of counsel, we find that the actions in this litigation involve common questions of fact, and that centralization in the Middle District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs are purchasers of contact lenses and the retailer Costco, which sells contact lenses at its warehouses. The purchaser plaintiffs allege that manufacturers of contact lenses conspired with each other and with defendant ABB, a wholesaler that is purportedly the largest distributor of contact lenses, as well as with independent eye care professionals represented by ABB and their trade association, the American Optometric Association, to impose minimum resale prices on certain

---

[*] Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

CERTIFIED A TRUE COPY
SHERYL L. LOESCH, CLERK
U.S. DISTRICT COURT
By: *[signature]*
Deputy Clerk

-2-

contact lens lines. Plaintiffs allege that the manufacturing defendants commenced their minimum resale price maintenance scheme in June 2013, and that the scheme eliminated price competition on certain contact lens lines. Centralization will prevent duplicative discovery and inconsistent pretrial rulings (including on issues of class certification), and conserve the resources of the parties, their counsel and the judiciary.

The parties disagree about whether the Northern District of California *Costco* action should be included in the centralized proceedings. Plaintiffs generally support including *Costco* in the centralized proceedings. Costco suggests centralization of the action is appropriate but prefers coordination instead of consolidation with the putative class actions. Defendants oppose including *Costco* in the MDL proceedings, largely because *Costco* is a single retailer action against only one manufacturer, and because *Costco* has been made a defendant in some of the later filed actions. While *Costco* is somewhat different from the other actions, given its single manufacturer focus and that Costco is also a defendant in some actions, we are of the opinion that the action shares sufficient questions of fact regarding the imposition of pricing restraints on contact lenses to merit inclusion in this MDL. Coordination of *Costco* with the other actions may be preferable to consolidation, but Section 1407 contemplates transfer for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Accordingly, we leave the question of determining the extent of any coordination or consolidation to the discretion of the transferee judge. *See, e.g., In re: Pfizer Inc. Sec., Deriv. & "ERISA" Litig.*, 374 F.Supp.2d 1348, 1349-50 (J.P.M.L. 2005). Further, as defendants conceded at oral argument, Costco's forum selection clause does not affect our authority to transfer *Costco* to the Middle District of Florida. *See, e.g., In re: Medical Resources Securities Litigation*, 1998 U.S. Dist. LEXIS 15832, at *3 (J.P.M.L. Oct. 7, 1998).

While this litigation could be centralized in any number of the suggested transferee districts, we are persuaded that the Middle District of Florida is an appropriate transferee district for this litigation. Two defendants have a significant presence in Florida, with defendant J&J based in Jacksonville, and defendant ABB based in Coral Springs, which is located in the Southern District of Florida. Judge Harvey E. Schlesinger presides over a potential tag-along action pending in the Middle District of Florida. By selecting Judge Sclesinger to serve as the transferee judge, we have chosen a jurist who is familiar with the contact lens industry by virtue of his experience presiding over a previous MDL involving allegations of anticompetitve conduct in that industry. *See, e.g.,* MDL No. 1030 – *In re: Disposable Contact Lens Antitrust Litig.*, 170 F.R.D. 524, 527 (M.D. Fla. 1996) (alleging that the contact lens manufacturers and two eye care practitioner trade associations "conspired among themselves . . . to restrict the supply of replacement contact lenses to alternative channels of distribution").

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Harvey E. Schlesinger for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: DISPOSABLE CONTACT LENS
ANTITRUST LITIGATION                                    MDL No. 2626

## SCHEDULE A

### Northern District of California

COSTCO WHOLESALE CORPORATION v. JOHNSON & JOHNSON VISION CARE, INC., C.A. No. 3:15-00941
MACHIKAWA, ET AL. v. COOPER VISION, INC., ET AL., C.A. No. 3:15-01001
MILLER, ET AL. v. ALCON LABORATORIES, INC., ET AL., C.A. No. 3:15-01028
FERNANDES v. ALCON LABORATORIES, INC., ET AL., C.A. No. 3:15-01045
MANGUM v. COOPERVISION, INC., ET AL., C.A. No. 5:15-01064

### Southern District of Florida

CESARE v. COOPERVISION, INC., ET AL., C.A. No. 0:15-60466

### District of Kansas

GRAY, ET AL. v. ALCON LABORATORIES, INC., ET AL., C.A. No. 2:15-02642